**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Gilbert Maurice Goudreau

    v.                                    Civil No. 06-cv-403-SM

Col. George Nathaniel Washington

**REPORT AND RECOMMENDATION**

Before the court is the complaint (document no. 1) filed by pro se plaintiff Gilbert Maurice Goudreau, who has sued Col. George Nathaniel Washington. As Goudreau is proceeding both pro se and in forma pauperis, the complaint is currently before me for preliminary review. See United States District Court for the District of New Hampshire Local Rules ("LR") 4.3(d)(1)(B). For the reasons stated below, I recommend that the complaint be dismissed. See LR 4.3(d)(1)(B)(i).

Standard of Review

Under this Court's local rules, when a plaintiff commences an action pro se and in forma pauperis, the magistrate judge is directed to conduct a preliminary review and, among other things:

> report and recommend to the court that the filing be dismissed because the allegation of poverty is untrue, the action is frivolous or malicious, fails to state a claim upon which relief may be granted,

>       or seeks monetary relief against a defendant who is
>       immune from such relief under 28 U.S.C. § 1915(e)(2);
>       or it fails to establish subject matter jurisdiction
>       under Fed. R. Civ. P. 12(b)(1).

LR 4.3(d)(1)(B)(i).  In conducting the preliminary review, the Court construes pro se pleadings liberally.  See Ayala Serrano v. Lebron Gonzales, 909 F.2d 8, 15 (1st Cir. 1990) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) to construe pro se pleadings liberally in favor of the pro se party).  "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled."  Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997), cert. denied, Ahmed v. Greenwood, 522 U.S. 1148 (1998).

At this preliminary stage of review, all factual assertions made by the plaintiff and inferences reasonably drawn therefrom must be accepted as true.  See Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996) (stating the "failure to state a claim" standard of review and explaining that all "well-pleaded factual averments," not bald assertions, must be accepted as true).  This review ensures that pro se pleadings are given fair and meaningful consideration.  See Eveland v. Dir. of C.I.A., 843 F.2d 46, 49 (1st Cir. 1988).

Background

On February October 27, 2006, Goudreau filed a complaint alleging that on October 11, 1959, a Col. George Nathaniel Washington accosted and raped him, and also attempted to commit Goudreau to non-officer level military service, contrary to military law.  Goudreau further asserts that this assault occurred while Goudreau was seeking to arrest the defendant, an operative for the Nashua Police Department on a case of "arrest of coin."

Discussion

Although pro se pleadings are read generously, if the claims set forth are patently frivolous, a court may dismiss the complaint. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989) (frivolous claims include "claims of infringement of a legal interest which clearly does not exist" and "claims describing fantastic or delusional scenarios"); see also Street v. Fair, 918 F.2d 269 (1st Cir. 1990); 28 U.S.C. § 1915(d).  A judge reviewing a complaint filed by an individual proceeding in forma pauperis has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and

dismiss those claims whose factual contentions are clearly baseless." Neitzke, 490 U.S. at 327.

Turning to the case at hand, even the most generous reading of the complaint reveals that Goudreau's allegations, to the extent they make any coherent assertion, contravene the common human experience to the point of being groundless, thereby rendering his action clearly frivolous. See Denton v. Hernandez, 504 U.S. 25, 33 (1992) (finding of factual frivolousness or baselessness is appropriate when the facts alleged are irrational or wholly incredible, but not if the allegations are just unlikely).  Here, plaintiff has alleged that he was an undercover police operative engaged in an effort to "arrest the coin" when he encountered the defendant who advised plaintiff not to "touch a coin of his realm" and then subsequently forced plaintiff into enlisted status military service for the purpose of raping him. I find that plaintiff's assertions are fanciful and delusional and "rise to the level of the irrational or the wholly incredible." Id.

### Conclusion

For the reasons discussed herein, I find that Goudreau has failed to state a claim upon which relief might be granted and I

recommend that the complaint be dismissed.  <u>See</u> LR 4.3(d)(1)(B)(i).  Any objections to this Report and Recommendation must be filed within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the district court's order.  <u>See</u> <u>Unauthorized Practice of Law Comm. v. Gordon</u>, 979 F.2d 11, 13-14 (1st Cir. 1992); <u>United States v. Valencia-Copete</u>, 792 F.2d 4, 6 (1st Cir. 1986).

                                              /s/ James R. Muirhead
                                              James R. Muirhead
                                              United States Magistrate Judge

Date:     January 31, 2007

cc:       Gilbert Maurice Goudreau, pro se

5